## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIKTORYIA MAROZ & EDWARD TOLLIVER , ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) | |
| | ) | Civil Action No. |
| Plaintiffs, | ) ) | |
| | ) | Hon . |
| vs. | ) ) | |
| ARCELORMITTAL MONESSEN LLC, A WHOLLY OWNED SUBSIDIARY OF ARCELORMITTAL USA, INC. | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.      Plaintiffs bring this class action against Defendant ArcelorMittal-Monessen LLC Coke Plant ("Defendant"), for the release of noxious odors and air particulates onto Plaintiffs' property, causing property damage through negligence, gross negligence, public and private nuisance, and trespass.

### PARTIES

2.      At all relevant times hereto, Plaintiff Viktoryia Maroz has resided at 64 Castner Ave, City of Donora, County of Washington, State of Pennsylvania.

3.      At all relevant times hereto, Plaintiff Edward Tolliver has resided at 209 McKee Ave, City of Monnessen, County of Westmoreland, State of Pennsylvania.

4.      Defendant, its agents, and its predecessors constructed, operate and maintain the ArcelorMittal Monessen Coke Plant ("the facility"), a Limited Liability Company, located at 345 Donner Ave Monessen, PA 15062.

1

5.      As a Limited Liability Company, Defendant's citizenship is deemed to be that of its members.  Upon information and belief, Defendant is wholly owned by ArcelorMittal USA, Inc., a Delaware Corporation with its principal place of business in Illinois.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §1332(a)(1). Jurisdiction is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, Plaintiffs are citizens of Pennsylvania, and Defendant is a citizen of Delaware and Illinois. Venue is proper in this Court under 28 U.S.C. 1391(b)(2),  because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

7.      Plaintiffs' property has been and continues to be physically invaded by noxious odors and air particulates.

8.      The noxious odors and air particulates which entered Plaintiffs' property originated from the facility, where they are generated as a result of Defendant's manufacturing process.

9.      Defendant, its predecessors and agents either constructed or directed the construction of the facility and exercised control and ownership over the facility.

10.     Defendant's facility, and specifically its emissions, has been the subject of frequent complaints from residents in the neighboring area. Residents of over 100 households have already communicated with Plaintiffs' counsel regarding their experiences with Defendant's emissions.

11.     The invasion of Plaintiffs' property by noxious odors and air particulates has

interfered with Plaintiffs' use and enjoyment of their property, resulting in damages in excess of $75,000.

12.     Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to properly construct, maintain and/or operate the facility, and caused the invasion of Plaintiffs' property by noxious odors and air particulates on intermittent and reoccurring dates. Specifically, Defendant failed to install and maintain adequate technology to properly control its emissions.

13.     Defendant is vicariously liable for all damages suffered by Plaintiffs caused by Defendant's employees, representatives and agents, who, during the course and scope of their employment created, allowed or failed to correct the problem(s) which caused noxious odors and air particulates to physically invade Plaintiffs' property.

## CLASS ALLEGATIONS

### A.     Definition of the Class

14.     Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons defined as:

> **All owner/occupants and renters of residential property residing within one and one-half (1.5) miles of the ArcelorMittal Monessen facility's property boundary.**

The definitional boundary is subject to modification as discovery will disclose the location of all class-members.  Plaintiffs' reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

.

### B.             Numerosity

3

15.     Based on 2010 census data, there are approximately 2,700 households within 1 mile of the facility.  Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

## C.     Commonality

16.     Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

a.  whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and/or operate the facility;

b.  whether Defendant owed any duties to Plaintiffs;

c.  which duties Defendant owed to Plaintiffs;

d.  which steps Defendant has and has not taken in order to control its emissions through the construction, maintenance and/or operation of its facility;

e.  whether and to what extent the facility's emissions were dispersed over the class area;

f.  whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and/or operate the facility  would result in an invasion of Plaintiffs' property interests;

g.  whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

h.  the proper measure of damages incurred by Plaintiffs and the Class.

## D.     Typicality

17. Plaintiffs have the same interests in this matter as all other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

18. The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, maintain and/or operate the facility.

19. All Class members have suffered injury in fact as a result of the invasion of their properties by Defendant's emissions, causing damage in the form of loss of property values.

**E.     Adequacy of Representation**

20. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

21. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.     Class Treatment Is the Superior Method of Adjudication**

22. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

## CAUSES OF ACTION I AND II

## PUBLIC AND PRIVATE NUISANCE

23. Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

24. The noxious odors and air particulates, which entered Plaintiffs' property originated from the facility constructed, maintained and/or operated by Defendant.

25. The noxious odors and air particulates invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property, including but not limited to the following ways:

a. causing Plaintiffs to remain inside their homes and forego use of their yards;

b. causing Plaintiffs to keep doors and windows closed when weather conditions otherwise would not so require;

c. necessitating the frequent cleaning of Plaintiffs' properties; and

d. causing Plaintiffs embarrassment and reluctance to invite guests to their homes.

6

26.     Defendant owed and continues to owe a duty to Plaintiffs to prevent and abate the interference with the the invasion of the private interests of the Plaintiffs.

27.     By constructing and then failing to reasonably repair and maintain its facility, Defendant has intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest in the use and enjoyment of their property.

28.     As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered injuries and damages to their property as alleged herein.

29.     The injuries and damages suffered by Plaintiffs are specially injurious to themselves because they uniquely suffer harm relating to the use and enjoyment of their land and property, and decreased property values, which are not harms suffered by the general public.

30.     Plaintiffs did not consent to noxious odors and air particulates to enter and settle upon their property.

31.     By causing noxious odors and air particulates produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

32.     Whatever social utility Defendant's facility provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

33.     Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, and punitive relief

7

since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

**CAUSES OF ACTION III AND IV**

**NEGLIGENCE/GROSS NEGLIGENCE**

34.     Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

35.     Defendant negligently and improperly constructed, maintained and/or operated the facility such that it caused the emission of noxious odors and air particulates onto Plaintiffs' homes, land, and property on occasions too numerous to mention,

36.     As a direct and proximate result of Defendant's negligence and gross negligence in constructing, maintaining and operating the facility, Plaintiffs' property, on occasions too numerous to mention, was invaded by noxious odors and air particulates.

37.     As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

38.     The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

39.     By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so that noxious odors and air particulates would not invade Plaintiffs' property.

40.     A properly constructed, operated, and/or  maintained facility will not emit noxious odors and air particulates into neighboring residential areas.

41.     By failing to construct, maintain and/or operate its facility, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors and air particulates

8

42.     Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors and air particulates.

43.     As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors and air particulates causing and constituting damage to their properties.

44.     The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors and air particulates to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

45.     Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## CAUSE OF ACTION V

### TRESPASS

46.     Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

47.     Defendant intentionally, recklessly, willfully, wantonly, maliciously and negligently failed to properly construct, maintain and/or operate the facility which caused noxious odors and air particulates to physically invade and enter upon Plaintiffs' properties on occasions too numerous to identify independently.

48.     As a direct and proximate result of Defendant's foregoing conduct, noxious odors and air particulates physically invaded, entered upon, settled upon, and accumulated upon

9

Plaintiffs' property.

49.    It was reasonably foreseeable that Defendant's failure to properly construct, maintain, and/or operate the facility would result in an invasion of Plaintiffs' properties by noxious odors and air particulates.

50.    The noxious odors and air particulates that have been and continue to be emitted by Defendant and have invaded and continue to invade Plaintiffs' property interfered with Plaintiffs' interests in the possession, use, and enjoyment of their properties and constitute a continuous trespass thereupon.

51.    Plaintiffs did not consent to noxious odors and air particulates to physically invade their property.

52.    Defendant's actions resulting in the trespass upon Plaintiffs' land were and continue to be intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory, exemplary, and punitive relief.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.    Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.    Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C.    Judgment in favor of Plaintiffs and the Class members and against Defendant;

D.    Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.      Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: June 11, 2015                              Respectfully Submitted:


                                                  */s/James E. Depasquale*
                                                  JAMES E. DEPASQUALE (Pa. I.D. No. 30223)
                                                  jim.depasquale@verizon.net
                                                  1302 Grant Building
                                                  310 Grant Street
                                                  Pittsburgh, PA 15219
                                                  Telephone: (412) 471-1415

                                                  */s/ Steven D. Liddle*
                                                  STEVEN D. LIDDLE (MI Bar I.D.: P45110)
                                                  NICHOLAS A. COULSON (MI Bar I.D.: P78001)
                                                  BRANDON T. BROWN (MI Bar I.D.: P79470)
                                                  Liddle & Dubin, P.C.
                                                  975 E. Jefferson Avenue
                                                  Detroit, MI 48207
                                                  sliddle@ldclassaction.com
                                                  ncoulson@ldclassaction.com
                                                  bbrown@ldclassaction.com
                                                  Telephone: (313) 392-0015
                                                  Facsimile (313) 392-0025


                                                  *ATTORNEYS FOR PLAINTIFFS*

11