IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**VIKTORYIA MAROZ**, *ET AL.*,

    Plaintiffs,

v.

**ARCELORMITTAL MONESSEN LLC,** *A WHOLLY OWNED SUBSIDIARY OF ARCELORMITTAL USA, INC.*,

    Defendants.

15cv0770
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

Before the Court is Defendant's Renewed Motion to Dismiss Plaintiffs' class action lawsuit. Doc. no. 43. Plaintiffs filed a Brief Opposition to the Renewed Motion (see doc. no. 45) and thus, the matter is now ripe for adjudication. The Renewed Motion to Dismiss will be granted in part and denied in part for the reasons set forth herein.

**I. Standard of Review - Rules 12(b)(6) and 8(a)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563, n.8.

## II. Factual and Procedural Background

Plaintiffs filed a Complaint on June 12, 2015 (doc. no. 1), and Defendant filed a Motion to Dismiss and Brief in Support on August 27, 2015. Doc. nos. 18-19. Plaintiffs filed a Brief in Opposition (doc. no. 27), and Defendant filed a Reply. Doc. no. 31. The Court denied Defendant's initial Motion to Dismiss as moot, noting that Plaintiffs had raised facts within their Brief in Opposition which were not in their Complaint. The Court granted Plaintiffs time to amend their Complaint, and simultaneously granted Defendant time to file a Renewed Motion to Dismiss if, after the Amended Complaint was filed, Defendant still believed the allegations to be deficient.

Plaintiffs filed their Amended Complaint on September 25, 2015. Doc. no. 41. In response, Defendant filed a Renewed Motion to Dismiss and Brief in Support primarily arguing that Plaintiffs' Amended Complaint should be dismissed in its entirety because it failed to conform with Federal Rule of Civil Procedure 8(a). See doc. no. 44. Alternatively, Defendant suggested that portions of the Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Id.

The Amended Complaint alleges that Plaintiffs were injured by "noxious odors and air particulates[,]" which entered Plaintiffs' properties due to Defendant's negligence.[1] Doc. no. 41, ¶ 1. Plaintiffs' Amended Complaint asserts claims of public nuisance, private nuisance, negligence, gross negligence, and trespass. Id., ¶¶ 32-61. According to the Amended Complaint, Defendant (and it predecessors) constructed, operate and maintain the ArcelorMittal

---

[1] The Court accepts as true the facts set forth in the Amended Complaint, solely for the purposes of determining the instant Renewed Motion to Dismiss.

Monessen Coke Plant (hereinafter, the "Monessen facility"), located at 345 Donner Avenue, Monessen, Pennsylvania.  Id., ¶ 5.

Defendant has operated the facility since April of 2014, and according to the Amended Complaint, has been cited by the Pennsylvania Department of Environmental Protection ("PA DEP") six times since then with Notices of Violation for illegal-air emissions.  Id., ¶ 13.  The Amended Complaint further alleges that the PA DEP has received "numerous complaints" from "surrounding residents" about "noxious odors and air particulates [entering] onto their properties."  Id., ¶ 14.  The noxious odor was described by one complainant as "bad . . . like rotten eggs."  Id.  In sum, the Amended Complaint asserts that Defendant's use of its Monessen facility combined with its alleged failure to "install and maintain adequate technology" to properly control the Monessen facility's emissions, have enabled noxious odors and air particulates to invade Plaintiffs' properties, which in turn, has interfered with Plaintiffs' use and enjoyment of their properties.  Id., ¶¶ 17, 20, 21.

III. Legal Analysis

   A. Rule 8(a)

Defendant first argues that the Amended Complaint filed fails to meet the pleading standard set forth in Rule 8(a).  Federal Rule of Civil Procedure 8(a)(2), as noted above, requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Turning to this case, Defendant contends that this Court "rejected Plaintiffs' initial Complaint under the above pleadings standards, but also granted Plaintiffs another opportunity to meet these requirements." Doc. no. 44, p. 9. The substance of this Court's September 14, 2015 Order (filed at doc. no. 32), referenced by Defendant, reads as follows:

> ORDER denying as moot 18 Motion to Dismiss for Failure to State a Claim. In light of the Motion to Dismiss which now has been fully briefed, and because Plaintiffs (at least in one instance) appear to be arguing facts which do not appear in its current Complaint (see doc. no. 27 at p. 11, fn. 3), the Court will grant Plaintiffs' leave to file an Amended Complaint, which is case specific and which is in fully [sic] conformity to the Federal Rules of Civil Procedure and Third Circuit precedents. The Amended Complaint shall be filed by September 24, 2015, and any renewed Motion to Dismiss (if appropriate) shall be filed by September 29, 2015, with response from Plaintiffs by October 5, 2015, and reply from Defendant by October 9, 2015.

Based on the above-quoted September 14, 2015 Order, the Court found that Plaintiffs had argued and/or asserted facts in their Brief in Opposition to the Motion to Dismiss which were not present in their Original Complaint and thus, denied the Motion to Dismiss as moot, thereby enabling Plaintiffs the opportunity to amend their Original Complaint to include these facts, as well as to assert "case specific" facts.

Defendant pointed out in its prior Motion to Dismiss and does so again, in its Renewed Motion to Dismiss, that the averments set forth in Plaintiffs' pleadings were and are substantially similar to those raised in another case filed in the United States Court for the Western District of Pennsylvania, in *Bell v. NRG Power Midwest, LP*, No. 2:12-cv-00929-CB (W.D. Pa. 2012) (Bissoon, J.). There is no dispute among the parties to the instant matter that counsel for Plaintiffs, here, filed the *Bell* case in state court, asserting claims for nuisance, negligence, trespass and strict liability against a facility located in Springdale, Pennsylvania.

The Court concurs with Plaintiffs' position that the allegations set forth in Counts I through V of their Amended Complaint concerning the alleged: (1) nuisance created by the Monessen facility, (2) negligence caused by the Monessen facility, and the (3) trespass instigated by the Monessen facility, cannot be stated much differently than the same claims raised by Bell Plaintiffs in the aforementioned *Bell* matter. These claims are merely recitations of what is legally required. The factual averments to which Rule 8(a) refers, appear earlier in Plaintiffs' Amended Complaint. See ¶¶ 2-5 and 7- 22. These are facts specific to the allegations asserted by Plaintiffs against the Monessen facility, and furthermore, they now encompass the facts previously raised by Plaintiffs in their Brief in Opposition to Defendant's initial Motion to Dismiss.

The Court concludes Plaintiffs have made a short and plain statement of the claims "showing that the pleader[s]" may be entitled to relief. For this reason, the Court finds that although there are not a large number of detailed facts provided in the Amended Complaint, the Plaintiffs are in compliance with Rule 8(a), and thus, the Court will not dismiss the Amended Complaint in its entirety as requested by Defendant pursuant to Rule 8(a)(2). Accordingly, this portion of Defendant's Renewed Motion will be denied.

**B. Rule 12(b)(6)**

**1. Plaintiffs' Public Nuisance Claim**

In Counts I and II of the Amended Complaint, Plaintiffs assert a cause of action for "public nuisance." Applying Pennsylvania substantive law to this claim, "nuisance" has been defined as:

> . . . that class of wrongs that arise from the unreasonable, unwarrantable, or unlawful use by a person of his own property, real or personal, or from his own improper, indecent, or unlawful personal conduct, working on [sic] obstruction or injury to a right

> of another, or of the public, and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage. *Groff v. Borough of Sellersville*, 12 Pa. Commonwealth Ct. 315, 318, 314 A.2d 328, 330 (1974) (quoting *Kramer v. Pittsburgh Coal Company*, 341 Pa. 379, 380–81, 19 A.2d 362, 363 (1941)).

*Feeley v. Borough of Ridley Park*, 551 A.2d 373, 375 (Pa. Cmwlth. 1988). To rise to the level of a "public nuisance," the Supreme Court of Pennsylvania has explained:

> . . . [A] public nuisance may be enjoined at the behest of a private citizen or group of citizens, if the latter, either in their property or civil rights, are specifically injured by the public nuisance over and above the injury suffered by the public generally. See *Rhymer v. Fretz*, 206 Pa. 230, 55 A. 959 (1903); see also, 'Profession' cases, supra, n. 4.

*Pennsylvania Soc. for Prevention of Cruelty to Animals v. Bravo Enterprises, Inc.*, 237 A.2d 342, 348 (Pa. 1968). More recently, the Superior Court of Pennsylvania noted that "a public nuisance does not exist unless a nuisance exists and affects the community at large and not merely the complaining parties." *Karpiak v. Russo*, 676 A.2d 270, 274-75 (Pa. Super. 1996).

Turning to the allegations found in the Amended Complaint, at no point do Plaintiffs identify what the harm the public at large has suffered as a result of the actions or inactions of Defendant.

Moreover, merely stating that the damages suffered by Plaintiffs are "specially injurious" to them (inferentially, the noxious odor and particles on their real property), as opposed to the public at large, does not provide this Court with enough facts to determine what comprises the alleged public nuisance. This Court concurs with Plaintiffs that they have asserted a valid claim for <u>private</u> nuisance, based solely upon their allegations claiming they have lost the use and enjoyment of their land and have borne decreased property values. These allegations, however, do not give rise to a Pennsylvania-law based <u>public</u> nuisance claim, which requires its own set of factual allegations describing how the community-at-large has been adversely affected by

7

Defendant's actions or inactions. Because there is nothing in the Amended Complaint which so describes how the community-at-large and not merely the complaining parties are adversely affected, the Court will grant Defendant's Motion to Dismiss Plaintiffs' public nuisance claim.

**2. Plaintiffs' Trespass Claim**

The Superior Court of Pennsylvania recently reiterated what constitutes the tort of trespass as follows:

> Under Pennsylvania law,
>
>> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
>>
>> (a) enters land in the possession of the other, or causes a thing or a third person to do so, or
>>
>> (b) remains on the land, or
>>
>> (c) fails to remove from the land a thing which he is under a duty to remove.
>
> Restatement (Second) of Torts § 158 (1965) (emphasis added), quoted in *Gilbert v. Synagro Cent., LLC*, 90 A.3d 37, 52 (Pa. Super. 2014). "The word 'intent' is used throughout the Restatement [(Second) of Torts] to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." Restatement (Second) of Torts § 8A (emphasis added).

*Liberty Place Retail Associates, L.P. v. Israelite Sch. of Universal Practical Knowledge*, 102 A.3d 501, 506-07 (Pa. Super. 2014) (footnote omitted). Although the Supreme Court of Pennsylvania has never formally adopted the above quoted portion of Restatement (Second) § 158, it did adopt Restatement (First) of Torts § 158 (1934) in *Kopka v. Bell Telephone Co.*, 91 A.2d 232, 235 (Pa. 1952). As noted by the Superior Court in *Liberty Place*, "sections 158 of the First and Second Restatements are identical in substance." 102 A.3d at 507, n. 5. In addition, the Superior Court further noted that it had "cited with approval" the Restatement (Second)

§158, in *Smith v. King's Grant Condo.*, 614 A.2d 261, 267 n. 7 (Pa. Super. 1992), *aff'd*, 640 A.2d 1276 (Pa. 1994). *Id.* Thus, this Court finds the above to be an accurate recitation of "trespass" under Pennsylvania law.

Turning to the facts pled by Plaintiffs in this case, Plaintiffs contend that paragraph 59 of their Amended Complaint provides enough of a factual basis upon which a claim for trespass may survive Defendants' Motion to Dismiss. See doc. no. 45, p. 8. Paragraph 59 of the Amended Complaint reads as follows:

> The noxious odors and air particulates that have been and continue to be emitted by Defendant and have invaded and continue to invade Plaintiffs' property interfered with Plaintiffs' interest in the possession, use, and enjoyment of their properties and constitute a continuous trespass thereupon.

Doc. no. 41, ¶ 59. Plaintiffs also note that the PA DEP "has cited Defendant six times since April of 2014 for illegal-air emissions." Id., ¶ 13. Plaintiffs aver that one of these six citations indicated that Defendant "was not taking all reasonable action to prevent particulate matter from becoming airborne from the coal-handling area." Id.

The Court finds that these facts, accepted as true solely for the purposes of this Renewed Motion to Dismiss, are sufficient to set forth a claim for trespass with respect to the particulate matter which Plaintiffs claim physically invaded their respective properties. Accordingly, Defendant's Renewed Motion will be denied in this respect and trespass claim will not be dismissed.

### 3. Plaintiffs' Punitive Damage Claim

The most recent Pennsylvania case explaining when punitive damages are an appropriate remedy is *Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.*, ___ A.3d ___ , 2015 WL 5778622

(Pa. Super. Oct. 2, 2015). In the *Sears* case, Pennsylvania's Superior Court summed up Pennsylvania's case law governing punitive damages in this fashion:

> In Pennsylvania, "punitive damages are awarded for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifferent to the interests of others." *Judge Technical Servs., Inc., v. Clancy*, 813 A.2d 879, 889 (Pa. 2002) (emphasis and internal quotation marks omitted). "[P]unitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Empire Trucking*, 71 A.3d at 937 (quoting *Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 770 (Pa.2005)). "The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Hutchison*, 870 A.2d at 770.

2015 WL 5778622 at * 20. As noted by Defendant in its brief, the Pennsylvania Supreme Court in *Phillips v. Cricket Lighters*, 883 A.2d 439 (2005), discussed, at length, when punitive damages were an appropriate remedy. The *Philips* Court held as follows:

> Our case law makes it clear that punitive damages are an "extreme remedy" available in only the most exceptional matters. *See Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088, 1098 n. 14. (Pa.1985), *rev'd on other grounds sub nom., Kirkbride v. Lisbon Contractors, Inc.,* 521 Pa. 97, 555 A.2d 800 (1989). Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." *Martin,* 494 A.2d at 1096; *see also Hutchison v. Luddy,* 870 A.2d 766, 770 (Pa. 2005) (finding that punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in a fashion "so outrageous as to demonstrate willful, wanton or reckless conduct"). A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Id.* at 771 (citation omitted).

*Id.*, at 445.

Based on the above cited case law, in order for the Court to grant Defendant's Renewed Motion to Dismiss with respect to Plaintiffs' claim for punitive damages, Plaintiffs had to allege facts which could support a legal conclusion that Defendant's conduct outrageous. This standard necessitates pleading facts to support that Defendant's conduct was outrageous because

10

Defendant either had an evil motive or was recklessly indifferent to the Plaintiffs' rights. The Amended Complaint falls woefully short of alleging such facts.

Plaintiffs contend that the factual assertions in the Amended Complaint are sufficient to support a conclusion that they may be entitled to punitive damages. See doc. no. 45, p. 8. Specifically, Plaintiffs argue that they have alleged "outrageous" conduct on the part of Defendant by asserting that: (1) the Monessen facility has been the subject of "frequent complaints" from neighbors, (2) the Monessen facility has the capability of producing up to 320,000 metric tons of coke annually, and (3) Defendant knew about the impact the Monessen facility has on its neighbors. Id., p. 8-9. This Court disagrees that these facts can support a claim for punitive damage relief.

Accordingly, Defendant's Renewed Motion to Dismiss will be granted in this regard, and Plaintiffs' request for relief in the form of punitive damages will be dismissed. An appropriate Order of Court will follow.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Court Judge