IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIKTORYIA MAROZ & EDWARD TOLLIVER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> ARCELORMITTAL MONESSEN LLC, <br><br> Defendant. | ) ) ) ) ) ) Civil Action No. 15-cv-00770 AJS ) ) Hon. Arthur J. Schwab ) ) ) ) ) ) ) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR SETTLEMENT HEARING

Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, Preliminary Appointment of Class Representatives and Class Counsel, Approval of Proposed Class Notice, and Scheduling of Final Approval Hearing having been brought before the Court for an Order granting preliminary approval of a proposed class action settlement and certain other relief needed to effectuate the proposed settlement; and all parties to this action having consented to all phases of the proposed class action settlement being heard before the Court; and for good cause shown;

IT IS HEREBY ORDERED, this 1st day of August, 2016, that pursuant to Federal Rule of Civil Procedure 23(c):

1.      This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      If, for any reason, the settlement is not finally approved or does not become effective, this provisional approval and class certification Order shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.      Preliminary Certification of the Settlement Class. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class (the "Settlement Class"):

> All owner/occupants and renters of residential property residing within one and one-half (1.5) miles of the ArcelorMittal Monessen facility's property boundary.

4.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds as to the Settlement Class that:

      a.      The Settlement Class is so numerous that joinder of all members is impracticable.

      b.      There are questions of law or fact common to the Settlement Class.

      c.      The claims of the Named Class Representatives are typical of the claims of the Settlement Class that the Named Class Representatives seek to certify.

      d.      The Named Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

      e.      The questions of law or fact common to members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions involving only individual members.

- 2 -

  f. Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

5. For the purpose of preliminary approval and all matters relating to the settlement and this action, until further order of the Court, Viktoryia Maroz and Edward Tolliver are hereby conditionally appointed as class representatives.

6. Pursuant to Rule 23(g), the Court preliminarily appoints Steven D. Liddle, Esq., Nicholas A. Coulson, Esq., and James E. Depasquale, Esq., as Class Counsel.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the terms of the Settlement Agreement, and the settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Settlement Hearing, described in paragraph 17 of this Order. Accordingly, the Settlement Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the settlement.

8. Within fourteen (14) days of entry of this Order, Class Counsel shall provide notice of this settlement and the Settlement Hearing to all Class Members by mailing via first class mail a copy of the Notice of Pendency of Class Action, Conditional Class Determination, and Proposed Settlement of Class Action and Settlement Hearing ("Class Notice"), substantially in the form as that document attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, Preliminary Appointment of Class Representatives and Class Counsel, Approval of Proposed Class Notice, and Scheduling of Final Approval Hearing

9. As set forth in Section 5 of the Settlement Agreement, costs and expenses for Administration of Settlement shall be paid by Class Counsel. In no event will ArcelorMittal be responsible for paying costs and expenses associated with the Administration of Settlement.

10. Prior to the Settlement Hearing, as described as paragraph 17 herein, Class Counsel shall serve and file a sworn statement evidencing compliance with the provisions of this Order concerning the mailing of Notice.

11. The form, content, and procedures of Class Notice, as set forth in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, Preliminary Appointment of Class Representatives and Class Counsel, Approval of Proposed Class Notice, and Scheduling of Final Approval Hearing are approved. The proposed Class Notice is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. This Court further finds that, other than as provided herein, no other or further notice is reasonably necessary in this action.

12. Any Class Member wishing to be excluded from the Class shall mail an opt-out notice conforming in all respects to the terms and provisions of the Notice.

13. At least seven (7) days prior to the Settlement Hearing, Class Counsel shall: (i) notify counsel for ArcelorMittal, in writing, of the names of the Class Members, if any, who opted out or requested exclusion; (ii) file with the Court a sworn statement listing all persons who have submitted timely requests for exclusion; and (iii) provide copies of all opt-out notices received by it to counsel for ArcelorMittal. The originals of all opt-out notices shall be retained

by Class Counsel (i) unless and until such originals are filed with the Court or (ii) until such originals are delivered to counsel for ArcelorMittal following the Effective Date.

14. The Class Notice shall designate Class Counsel as the entity to whom opt-out notices shall be sent. Class Counsel shall be responsible for the receipt of all responses from Class Members and shall preserve all opt-out notices and any and all other written communications from Class Members or any other person in response to the Class Notice until administration of the settlement is complete or pursuant to further Order of this Court. All written communications received from Class Members and all written responses to inquiries by Class Members relating to the Settlement Agreement and settlement shall be available at all reasonable times for inspection and copying by counsel for ArcelorMittal, subject to further Order of the Court if issues of privilege or confidentiality arise.

15. All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Hearing described in paragraph 17 of this Order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16. All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the settlement and Class Counsel's request for approval of attorneys' fees and costs shall be filed on or before __November 4, 2016__

17. A Settlement Hearing shall be held before the undersigned at __9:00 am__ on __November 14, 2016__, in the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Courtroom 7C, Pittsburgh, Pennsylvania 19501, to consider the fairness, reasonableness, and adequacy of the proposed settlement, the entry of any final order or judgment in the action, any petition for attorneys' fees and costs, payments to the Named Class

Representatives, and other related matters. The Settlement Hearing may be postponed, adjourned, or continued by further Order of this Court without further notice to the Class.

18. All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court.

19. The Court expressly reserves its right to adjourn the Settlement Hearing from time to time without further notice, other than to counsel of record, and to approve the proposed settlement and request for approval of attorneys' fees and costs and request for approval of payment to the Named Class Representatives.

20. Class Counsel is hereby appointed to coordinate the Administration of Settlement.

SO ORDERED.

_____
The Honorable Arthur J. Schwab, U.S.D.J.